IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WALTER A. ALEMAÑY RAMÍREZ,

    Plaintiff,

    v.

ICF INCORPORATED, LLC,
    Defendant.

CIVIL NO.: 24-01033 (FAB)

**ORDER**

On April 15, 2025, defendant ICF Incorporated, LLC ("Defendant") filed a motion for summary judgment and statement of uncontested facts. ECF Nos. 36, 37. The motion and its corresponding statement of uncontested facts relies on a sworn declaration by Kristin Huett ("Huett"), Vice President of Human Resources. ECF No. 37-2. Plaintiff moves to strike the declaration of Huett, along with its accompanying exhibits, arguing that Huett was not disclosed in Defendant's Rule 26(a) initial disclosures as a potential witness or individual with knowledge of the facts and that accordingly, Defendant has violated Federal Rule of Civil Procedure 37(c)(1). ECF No. 40; Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Defendant has not claimed that it disclosed Huett as part of its initial disclosures. Instead, Defendant argues, in its response, that Huett is offered merely as a custodian of records to authenticate certain documents under Federal Rule of Evidence 901(b)(1). ECF No. 41 at 1; Fed. R. Ev. 901(b)(1).

While a custodian of records does not need to be disclosed as part of initial disclosures, Huett is not simply acting as a custodian of records as Defendant contends. ECF No. 41. Under Federal Rule of Evidence 803(6), if a record was kept in "the course of a regulatory conducted activity of business,"

the condition can be shown by the testimony of a custodian or by a certification. Fed. R. Ev. 803(6). "Any person in a position to attest to the authenticity of certain records is competent to lay the foundation for the admissibility of the records." *Rosenberg v. Collins,* 624 F.2d 659, 665 (5th Cir. 1980). Huett's declaration does state that she is "a custodian of the Company's files related to employees maintained as regular part of its business," and that she "certif[ies] that [the exhibits] meet the criteria of a regularly kept business record under Federal Rule of Evidence 803(6)." ECF No. 37-2 at 1-2, ¶ 4. However, Huett's declaration also summarizes and explains the authenticated documents, which goes beyond the role of a custodian of records. ECF No. 37-2 at 2-8. While the documents that Huett discusses in her declaration were produced to Plaintiff's throughout the course of discovery, Defendant's use of Huett's declaration is improper because it goes beyond the role of a custodian of records.[1] ECF No. 41 at 3-4. Only the first four paragraphs of Huett's declaration serve the function of a custodian of records. Therefore, Plaintiff's motion to strike (ECF No. 40) is GRANTED, except the first four paragraphs of Huett's declaration.

Accordingly, in order to have a clear record, both Defendant's motion for summary judgment and statement of uncontested facts (ECF Nos. 36, 37) are stricken from the record. By May 14, 2025, Defendant shall refile its motion for summary judgment and corresponding statement of uncontested facts, citing directly to the ECF page number(s) of the exhibit(s) that support each statement, *not* to Huett's declaration. Plaintiff's response will be filed on or before May 23, 2025.[2]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of May, 2025.

s/Marcos E. López  
U.S. Magistrate Judge

---

[1] Moreover, there are some statements in Huett's declaration that do not cite to any of the exhibits that she is authenticating. *See e.g.*, ECF No. 37-2 at ¶¶ 5-9, 23, 28, 29, 34-36, 46, 48.

[2] Nothing in this order precludes Huett from maintaining her role as a custodian of records in order to authenticate the pertinent exhibits. Furthermore, this order does not strike the exhibits cited in Huett's declaration.